UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14CR0471-AB |
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS |
| v. | **TRIAL DATE:        11-3-15** |
| JAMES ROBERT MILLER, | |
| Defendant. | |

Plaintiff United States of America and JAMES ROBERT MILLER, by and through their attorneys of record, hereby submit the following jointly proposed jury instructions in the above-captioned matter pursuant to Federal Rule of Criminal Produce 30.   In accordance with this Court's "General Order Re: Jury Trial,"

1.    The following instructions are proposed jointly by the parties.

2.    Each party will file its proposed jury instructions that are objected to by the other party.

3.    The joint proposed jury instructions are also being submitted to the chambers' email address in Word format.

///

///

///

The parties respectfully request leave to file such further requests for other and additional instructions as may become appropriate during the course of trial.

DATED: October 14, 2015

LORETTA LYNCH
Attorney General

LAURA E. DUFFY
United States Attorney

*s/ Rebecca Kanter*
REBECCA S. KANTER
Special Attorney

*s/ Benjamin J. Weir*
BENJAMIN J. WEIR
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

*s/ Koren Bell*
KOREN BELL
Attorney for Defendant JAMES MILLER

*s/ Sonam Henderson*
SONAM HENDERSON
Attorney for Defendant JAMES MILLER

14CR0471-AB

**INDEX**

| No. | Title of Instruction | Source of instruction/citations | Pg. |
|-----|----------------------|----------------------------------|-----|
| 1 | Stipulation of Testimony | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 2.3 | 6 |
| 2 | Stipulation of Fact | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 2.4 | 7 |
| 3 | Transcript of Recording in English | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 2.7 | 8 |
| 4 | Duties of Jury to Find Facts and Follow Law | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.1 | 9 |
| 5 | Charge Against Defendant Not Evidence -Presumption of Innocence-Burden of Proof | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.2 | 10 |
| 6 | Defendant's Decision Not to Testify | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.3 | 11 |
| 7 | Defendant's Decision to Testify | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.4 | 12 |
| 8 | What is Evidence | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.6 | 13 |
| 9 | What is Not Evidence | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.7 | 14 |
| 10 | Direct and Circumstantial Evidence | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.8 | 16 |
| 11 | Credibility of Witnesses | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.9 | 17 |

14CR0471-AB

| 12 | Activities Not Charged | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.10 | 19 |
|----|------------------------|---------------------------------------------------------------------------------------|----|
| 13 | Separate Consideration of Multiple Counts | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.11 | 20 |
| 14 | On or About-Defined | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.20 | 21 |
| 15 | Statements by Defendant | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 4.1 | 22 |
| 16 | Summaries Not Received In Evidence | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 4.15 | 23 |
| 17 | Charts and Summaries in Evidence | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 4.16 | 24 |
| 18 | Duty to Deliberate | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.1 | 25 |
| 19 | Consideration of Evidence – Conduct of the Jury | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.2 | 26 |
| 20 | Use of Notes | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.3 | 28 |
| 21 | Jury Consideration of Punishment | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.4 | 29 |
| 22 | Verdict Form | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.5 | 30 |
| 23 | Communication With Court | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.6 | 31 |
| 24 | Knowingly - Defined | Manual of Model Criminal | 32 |

14CR0471–AB

| | | Jury Instructions for the Ninth Circuit (2010 ed.), No. 5.6 | |
|---|---|---|---|
| 25 | Definition of "Wire Communications" | 18 U.S.C. § 1343; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 78:08 (6th ed.) ["Transmits by Means of Wire, Radio, or Television Communication in Interstate Commerce" – Defined] | 33 |
| 26 | Filing False Tax Returns | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 9.39 | 34 |
| 27 | Willfully-Defined (26 U.S.C. §7206) | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 9.42 | 35 |

14CR0471-AB

**COURT'S INSTRUCTION NO. ___**

**<u>JOINT PROPOSED INSTRUCTION NO. 1</u>**

[If Applicable]

The parties have agreed what Lynn Flanagan and Lonnie Adamson's testimony would be if called as witnesses. You should consider that testimony in the same way as if it had been given here in court.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 2.3 [Stipulation of Testimony] (modified).

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 2**

[If Applicable]

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 2.4 [Stipulation of Fact].

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 3**

[If Applicable]


You have heard a recording that has been received in evidence. A transcript of the recording was used to help you identify speakers and to help you decide what the speakers say. Remember that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. The transcript will not be available during your deliberations.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 2.7 [Transcript of Recording in English] (modified).

14CR0471-AB

COURT'S INSTRUCTION NO. ____

**JOINT PROPOSED INSTRUCTION NO. 4**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.1 [Duties of Jury to Find Facts and Follow Law].

14CR0471-AB

1

**COURT'S INSTRUCTION NO. ____**

2

**JOINT PROPOSED INSTRUCTION NO. 5**

3

4      The superseding indictment is not evidence. The defendant has

5   pleaded not guilty to the charges. The defendant is presumed to be

6   innocent unless and until the government proves the defendant guilty

7   beyond a reasonable doubt. In addition, the defendant does not have

8   to  testify  or  present  any  evidence  to  prove  innocence.  The

9   government has the burden of proving every element of the charges

10   beyond a reasonable doubt.

11

12      Manual  of  Model  Criminal  Jury  Instructions  for  the  Ninth

13   Circuit (2010 ed.), No. 3.2 [Charge Against Defendant Not Evidence –

14   Presumption of Innocence-Burden of Proof].

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

<u>**JOINT PROPOSED INSTRUCTION NO. 6**</u>

[If applicable]


A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.3 [Defendant's Decision Not to Testify].

14CR0471-AB

1
**COURT'S INSTRUCTION NO. ____**

2
**JOINT PROPOSED INSTRUCTION NO. 7**

3
[If applicable]

4

5
The defendant has testified. You should treat this testimony

6
just as you would the testimony of any other witness.

7

8
Manual of Model Criminal Jury Instructions for the Ninth

9
Circuit (2010 ed.), No. 3.4 [Defendant's Decision to Testify].

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB

**COURT'S INSTRUCTION NO. \_\_\_\_**

**<u>JOINT PROPOSED INSTRUCTION NO. 8</u>**


The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence[.] [; and]

[(3) any facts to which the parties have agreed.]


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.6 [What is Evidence].

14CR0471-AB

COURT'S INSTRUCTION NO. ____

**JOINT PROPOSED INSTRUCTION NO. 9**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.   Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.7 [What is Not Evidence].

14

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 10**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.8 [Direct and Circumstantial Evidence].

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**<u>JOINT PROPOSED INSTRUCTION NO. 11</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.9 [Credibility of Witnesses].

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 12**


You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.10 [Activities Not Charged].

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 13**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.11 [Separate Consideration of Multiple Counts].

14CR0471-AB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. ____**

**<u>JOINT PROPOSED INSTRUCTION NO. 14</u>**


The superseding indictment charges that the offenses alleged in Counts One through Nine were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Nine of the superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.20 [On or About-Defined].

14CR0471-AB

1

**COURT'S INSTRUCTION NO. ___**

2

**JOINT PROPOSED INSTRUCTION NO. 15**

3

4      You have heard testimony that the defendant made a statement.

5 It is for you to decide (1) whether the defendant made the

6 statement, and (2) if so, how much weight to give to it. In

7 making those decisions, you should consider all the evidence about

8 the statement, including the circumstances under which the defendant

9 may have made it.

10

11      Manual of Model Criminal Jury Instructions for the Ninth

12 Circuit (2010 ed.), No. 4.1 [Statements by Defendant].

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**<u>JOINT PROPOSED INSTRUCTION NO. 16</u>**

[If applicable]


During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 4.15 [Summaries Not Received In Evidence].

14CR0471-AB

1

**COURT'S INSTRUCTION NO. ____**

2

**JOINT PROPOSED INSTRUCTION NO. 17**

3

[If applicable]

4

5      Certain charts and summaries have been admitted in evidence.

6  Charts and summaries are only as good as the underlying supporting

7  material. You should, therefore, give them only such weight as you

8  think the underlying material deserves.

9

10     Manual of Model Criminal Jury Instructions for the Ninth

11  Circuit (2010 ed.), No. 4.16 [Charts and Summaries in Evidence].

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB

COURT'S INSTRUCTION NO. ____

**JOINT PROPOSED INSTRUCTION NO. 18**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.1 [Duty to Deliberate].

14CR0471-AB

**COURT'S INSTRUCTION NO. ___**

**<u>JOINT PROPOSED INSTRUCTION NO. 19</u>**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.2 [Consideration of Evidence – Conduct of the Jury].

24

1

**COURT'S INSTRUCTION NO. ____**

2

**JOINT PROPOSED INSTRUCTION NO. 20**

3

4        Some of you have taken notes during the trial. Whether or not

5   you took notes, you should rely on your own memory of what was said.

6   Notes are only to assist your memory. You should not be overly

7   influenced by your notes or those of your fellow jurors.

8

9        Manual of Model Criminal Jury Instructions for the Ninth

10   Circuit (2010 ed.), No. 7.3 [Use of Notes].

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 21**


The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.4 [Jury Consideration of Punishment].

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**<u>JOINT PROPOSED INSTRUCTION NO. 22</u>**


A verdict form has been prepared for you. The verdict form requires you to determine guilt or innocence for each count in the superseding indictment. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 7.5 [Verdict Form] (modified).

14CR0471-AB

1

2

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 23**

3

4      If it becomes necessary during your deliberations to

5   communicate with me, you may send a note through the clerk, signed

6   by any one or more of you.   No member of the jury should ever

7   attempt to communicate with me except by a signed writing, and I

8   will respond to the jury concerning the case only in writing or here

9   in open court.   If you send out a question, I will consult with the

10  lawyers before answering it, which may take some time.   You may

11  continue your deliberations while waiting for the answer to any

12  question.   Remember that you are not to tell anyone – including me –

13  how the jury stands, numerically or otherwise, on any question

14  submitted to you, including the question of the guilt of the

15  defendant, until after you have reached a unanimous verdict or have

16  been discharged.

17

18      Manual of Model Criminal Jury Instructions for the Ninth

19  Circuit (2010 ed.), No. 7.6 [Communication With Court].

20

21

22

23

24

25

26

27

28

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**<u>JOINT PROPOSED INSTRUCTION NO. 24</u>**


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 5.6 [Knowingly – Defined].

14CR0471-AB

1

**COURT'S INSTRUCTION NO. ____**

2

<u>**JOINT PROPOSED INSTRUCTION NO. 25**</u>

3

4      As used in the wire fraud statute, "wire communications in

5 interstate or foreign commerce" means a wire transmission from one

6 state to another state.  "Wire communications" include any writings,

7 signs, signals, pictures or sounds transmitted by means of wire or

8 radio communications.

9

10      <u>See</u> 18 U.S.C. § 1343; O'Malley, Grenig & Lee, Federal Jury

11 Practice and Instructions, § 78:08 (6th ed.) ["Transmits by Means of

12 Wire, Radio, or Television Communication in Interstate Commerce" –

13 Defined]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB

COURT'S INSTRUCTION NO. ___

**JOINT PROPOSED INSTRUCTION NO. 26**

The defendant is charged in Counts Six through Nine of the superseding indictment with filing a false tax return in violation of Section 7206(1) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made and signed a tax return for the year 2009, 2010, 2011, or 2012 that he knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 9.39 [Filing False Tax Returns].

14CR0471-AB

1

**COURT'S INSTRUCTION NO. ____**

2

**<u>JOINT PROPOSED INSTRUCTION NO. 27</u>**

3

4      In order to prove that the defendant acted "willfully," the
5 government must prove beyond a reasonable doubt that the defendant
6 knew federal tax law imposed a duty on him, and the defendant
7 intentionally and voluntarily violated that duty.

8

9      Manual of Model Criminal Jury Instructions for the Ninth
10 Circuit (2010 ed.), No. 9.42 [Willfully-Defined (26 U.S.C. §7206)].

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB