1  LORETTA LYNCH
   Attorney General
2  LAURA E. DUFFY
   United States Attorney
3  REBECCA S. KANTER (California Bar No. 230257)
   Special Attorney
4       Office of the U.S. Attorney
        880 Front Street, Room 6293
5       San Diego, CA 92101
        Tel: (619) 546-7304
6       Fax: (619) 546-0450
        Email: rebecca.kanter@usdoj.gov
7
   BENJAMIN J. WEIR
8  Trial Attorney (D.C. Bar No. 494045)
   Tax Division, Western Criminal Enforcement Section
9  United States Department of Justice
        601 D. St. NW, Room 7025
10      Washington, D.C. 20004
        Tel: (202) 307-0855
11      Fax: (202) 514-9623
        E-mail: benjamin.j.weir@usdoj.gov
12
   Attorneys for Plaintiff
13 UNITED STATES OF AMERICA

14                 UNITED STATES DISTRICT COURT

15              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  UNITED STATES OF AMERICA, | Case No. 14CR0471-AB |
| 17          Plaintiff, | UNITED STATES' PROPOSED JURY INSTRUCTIONS |
| 18               v. | **TRIAL DATE:**              **11-3-15** |
| 19  JAMES ROBERT MILLER, | |
| 20          Defendant. | |
| 21 | |

22      Plaintiff United States of America by and through its attorneys

23 of record, hereby submits the following proposed jury instructions

24 in the above-captioned matter pursuant to Federal Rule of Criminal

25 Produce 30. The parties have already submitted their jointly

26 proposed jury instructions. (Docket #79). In accordance with this

27 Court's "General Order Re: Jury Trial," the United States herein

28

files its jury instructions that are objected to by Defendant James Miller.

The United States respectfully requests leave to file such further requests for other and additional instructions as may become appropriate during the course of trial.

DATED: October 14, 2015   LORETTA LYNCH
             Attorney General

             LAURA E. DUFFY
             United States Attorney

             *s/ Rebecca Kanter*
             REBECCA S. KANTER
             Special Attorney

             *s/ Benjamin J. Weir*
             BENJAMIN J. WEIR
             Trial Attorney

             Attorneys for Plaintiff
             UNITED STATES OF AMERICA

14CR0471-AB

**INDEX**

| No. | Title of Instruction | Source of instruction/citations | Pg. |
|-----|---------------------|--------------------------------|-----|
| 1 | Reasonable Doubt - Defined | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.) | 4 |
| 2 | Wire Fraud | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.) | 5 |
| 3 | Intent to Defraud - Defined | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.16 | 7 |
| 4 | Each Use of the Mails and Each Transmission by Wire Communication in Interstate Commerce - Defined | O'Malley, Grenig & Lee, _Federal Jury Practice and Instructions_, § 47:15 (6th ed.) | 8 |
| 5 | Conversion of Money to Defendant's Own Use May be Considered When Deciding Intent | _United States v. Jones_, 472 F.3d 1136, 1139-40 (9th Cir. 2007); _United States_ v. Rubin, 522 F.3d 967, 74 (9th Cir. 2008). | 9 |
| 6 | Negligence, gullibility or foolishness is not a defense to wire fraud | _United States v. Ciccone_, 219 F.3d 1078, 1083 (9th Cir. 2000); _United States v. Hanley_, 190 F.3d 1017, 1023 (9th Cir. 1999); _United States v. Brien_, 617 F.2d 299, 311 (1st Cir. 1980); _United States v. Kreimer_, 609 F.2d 126, 132 (5th Cir. 1980); _United States v. Coyle_, 63 F.3d 1239, 1245 (3rd Cir. 1995). | 10 |
| 7 | Embezzled Funds are Taxable in the Year in Which the Funds Were Embezzled | _James v. United States_, 366 U.S. 213, 219-20 (1961); _Cohen v. United States_, 297 F.2d 760, 768-69 (9th Cir. 1962), cert. denied, 369 U.S. 865 (1962); _Abrams v. Union Bank_, 9 F.3d 1550, No. 92-55304, 1993 WL 441969 at *1 (9th Cir. 1993)(table). | 11 |

///

///

3

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**UNITED STATES' PROPOSED INSTRUCTION NO. 1**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.


Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.5 [Reasonable Doubt - Defined].

14CR0471-AB

1          **COURT'S INSTRUCTION NO. ____**

2       **UNITED STATES' PROPOSED INSTRUCTION NO. 2**

3

4       The defendant is charged in Counts One through Five of the

5  superseding indictment with wire fraud in violation of Section 1343

6  of Title 18 of the United States Code. In order for the defendant to

7  be found guilty of that charge, the government must prove each of

8  the following elements beyond a reasonable doubt:

9       First, the defendant knowingly participated in, devised, or

10 intended to devise a scheme or plan to defraud devised a scheme or

11 plan to defraud, or a scheme or plan for obtaining money or property

12 by means of false or fraudulent pretenses, representations, or

13 promises;

14      Second, the statements made or facts omitted as part of the

15 scheme were material; that is, they had a natural tendency to

16 influence, or were capable of influencing, a person to part with

17 money or property;

18      Third, the defendant acted with the intent to defraud, that is,

19 the intent to deceive or cheat; and

20      Fourth, the defendant used, or caused to be used, a wire

21 communication to carry out or attempt to carry out an essential part

22 of the scheme.

23      In determining whether a scheme to defraud exists, you may

24 consider not only the defendant's words and statements, but also the

25 circumstances in which they are used as a whole.

26      A wiring is caused when one knows that a wire will be used in

27 the ordinary course of business or when one can reasonably foresee

28 such use.

14CR0471-AB

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 8.124 [Wire Fraud].

14CR0471-AB

1        **COURT'S INSTRUCTION NO. ____**

2        **UNITED STATES' PROPOSED INSTRUCTION NO. 3**

3

4        An intent to defraud is an intent to deceive or cheat.

5

6        Manual of Model Criminal Jury Instructions for the Ninth

7    Circuit (2010 ed.), No. 3.16 [Intent to Defraud - Defined].

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**UNITED STATES' PROPOSED INSTRUCTION NO. 4**


Each transmission by wire in interstate or foreign commerce to advance, or to further, or to carry out the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises may be a separate violation of the wire fraud statute.


O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47:15 (6th ed.) [Each Use of the Mails and Each Transmission by Wire Communication in Interstate Commerce – Defined.]

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**UNITED STATES' PROPOSED INSTRUCTION NO. 5**


In determining whether the defendant acted with the required intent to defraud, you may consider evidence that the defendant profited or converted money to his own use.


See <u>United States v. Jones</u>, 472 F.3d 1136, 1139-40 (9th Cir. 2007); <u>United States</u> v. Rubin, 522 F.3d 967, 74 (9th Cir. 2008).

14CR0471-AB

**COURT'S INSTRUCTION NO. ____**

**UNITED STATES' PROPOSED INSTRUCTION NO. 6**


A victim's negligence, gullibility or even foolishness is not a defense to a charge of wire fraud.


See United States v. Ciccone, 219 F.3d 1078, 1083 (9th Cir. 2000); United States v. Hanley, 190 F.3d 1017, 1023 (9th Cir. 1999); United States v. Brien, 617 F.2d 299, 311 (1st Cir. 1980); United States v. Kreimer, 609 F.2d 126, 132 (5th Cir. 1980); United States v. Coyle, 63 F.3d 1239, 1245 (3rd Cir. 1995).

14CR0471-AB

COURT'S INSTRUCTION NO. ____

**UNITED STATES' PROPOSED INSTRUCTION NO. 7**


Funds that are embezzled are taxable income in the year in which the embezzlement occurred.


See <u>James v. United States</u>, 366 U.S. 213, 219-20 (1961); <u>Cohen v. United States</u>, 297 F.2d 760, 768-69 (9th Cir. 1962), cert. denied, 369 U.S. 865 (1962); <u>Abrams v. Union Bank</u>, 9 F.3d 1550, No. 92-55304, 1993 WL 441969 at *1 (9th Cir. 1993)(table).

14CR0471-AB

1
**COURT'S INSTRUCTION NO. \_\_\_\_**

2
**UNITED STATES' PROPOSED INSTRUCTION NO. 8**

3

4
    In proving that the defendant violated Section 7206(1), the

5
government does not have to prove that there was a tax due and owing

6
for the year(s) in issue. Whether the government has or has not

7
suffered a pecuniary or monetary loss as a result of the alleged

8
return is not an element of Section 7206(1).

9

10
    See Kevin F. O'Malley et al., Federal Jury Practice and

11
Instructions § 56.12 (5th Ed. 2000); United States v. Marashi, 913

12
F.2d 724 (9th Cir. 1990); United States v. Marabelles, 724 F.2d

13
1374, 1380 (9th Cir. 1984).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14CR0471-AB